# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CV-00145-RJC-DSC

| | |
|---|---|
| **TIMMY DALE WAGONER,** | )<br>) |
| Plaintiff, | )<br>) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | )<br>) |
| **ANDREW M. SAUL,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #8) and Defendant's "Motion for Summary Judgment" (document #10), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and these Motions are now ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 10, 2020. He assigns error to the Administrative Law Judge's formulation of his Residual Functional Capacity.[1] Specifically he assigns error to the ALJ's evaluation of the opinions from his treating nurse practitioner Shirley Warner, DNP, and from psychologists John Bevis, M.A., LPA and Dr. Michael Fiore. He also assigns error to the ALJ's evaluation of his subjective complaints and symptoms. See Plaintiff's "Memorandum ..." at 6-19 (document #9).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.  DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[2] as that term of art is defined for Social Security purposes.

Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

"include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.) (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ's RFC determination

here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

Plaintiff assigns error to the ALJ's evaluation of Ms. Warner's opinions. For claims filed after March 27, 2017, the Commissioner has adopted a new framework for evaluating medical opinions. 20 C.F.R. § 404.1520c(a). The Commissioner no longer gives specific evidentiary weight to any medical opinion. Id. Rather, the Commissioner evaluates medical opinions by weighing multiple factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c). Supportability and consistency are most important in determining the persuasiveness of a medical source's opinion, and the Commissioner is not required to explain the consideration of the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

Although Ms. Warner provided opinions dated September 18, 2017 and March 12, 2018, she appears to have signed the same form twice. The documents are identical aside from the signature and date lines. (Tr. 345-346, 375-376.) She stated that Plaintiff's symptoms caused constant disruption in his ability to remain on task; he experienced numerous side effects from medication; he would need to take breaks from work more than three times a day; and unscheduled breaks would occur because he would be "incapacitated" and unable to work. (Tr. 345, 375.) She further stated that Plaintiff could not walk a city block without experiencing pain or carry any weight. He could never stand or walk at work and would only be able to sit for four hours at a time. He could only use his upper extremities for less than five percent of an eight-hour workday. Id. Finally, Ms. Warner stated that Plaintiff would be absent from work more than four days per month. Id.

The ALJ concluded that the record does not support the limitations identified by Ms. Warner. (Tr. 20-21.) He pointed out that Ms. Warner's opinion was "not consistent with the clinical observations, diagnostic imaging, [Plaintiff's]'s activities throughout the record, or the opinions of other treatment providers." Id. The ALJ discussed multiple treatment reports. (Tr. 15.) He emphasized that Plaintiff's treating orthopaedic surgeon, Dr. Ralph Maxy, found "no objective pathology to confirm or deny [Plaintiff's] complaints." (Tr. 288.) Dr. Maxy returned Plaintiff to work on light duty with some postural limitations, stating that the lack of clinical findings made it difficult to identify any work-related limitations. (Tr. 330.) Simply put, the ALJ found that Ms. Warner's opinions were unsupportable and inconsistent with the rest of the medical records. Substantial evidence supports this conclusion.

Similarly, substantial evidence supports the ALJ's treatment of opinion evidence from state agency psychological consultants Mr. Bevis and Dr. Fiore. Plaintiff contends that the ALJ erred by not adopting their conclusion that he suffered a moderate impairment in his ability to concentrate. The ALJ found that his concentration was only mildly limited. He noted that Mr. Bevis and Dr. Fiore made no examination findings related to concentration. The moderate rating was inconsistent with other clinical observations in the record as well as Plaintiff's ability to sustain concentration to read, use the Internet and play video games. (Tr. 20).

Finally, substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints and symptoms. Determining whether a claimant is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ

must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The Regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that his subjective complaints were not consistent with the objective evidence in the record. 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") The ALJ is responsible for making credibility determinations and resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ is accorded deference with respect to assessments of a claimant's credibility. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Indeed, "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Id.

The ALJ thoroughly discussed the record including Dr. Maxy's records. His conclusion that Plaintiff's subjective complaints were not as severe as he claimed is supported by substantial evidence. (Tr. 14-21). Accordingly, this assignment of error must be overruled as well.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's evaluation of the record and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #8) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #10) be **GRANTED**; and the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316;

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: June 9, 2021

David S. Cayer
United States Magistrate Judge