**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:20-cv-00145-RJC-DSC**

| | |
|---|---|
| **TIMMY DALE WAGONER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment, (DEs 8, 10), and the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending that this Court grant Defendant's Motion for Summary Judgment and affirm the Commissioner's decision, (DE 18).

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and will **AFFIRM** the decision. Accordingly, the Court **ADOPTS** the M&R and will **DENY** Plaintiff's Motion for Summary Judgment and **GRANT** Defendant's Motion for Summary Judgment.

I.  BACKGROUND

Plaintiff Timmy Dale Wagoner ("Wagoner") applied for disability benefits on September 5, 2017, alleging disability beginning on February 15, 2016. (DE 7-1 at 14). After an initial denial on October 5, 2017 and upon reconsideration on February 8, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (DE 7-1 at 14). Such a hearing was held on August

1

13, 2019 before an ALJ at which Plaintiff, his then-attorney, and an impartial vocational expert ("VE") appeared. (DE 7-1 at 14).

The ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from February 15, 2016, the alleged onset date, through September 30, 2018, the date last insured. (DE 7-1 at 26). In reaching this conclusion, the ALJ determined that Plaintiff had the residual functional capacity ("RFC")

> to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) such that the claimant can only perform frequent fingering and handling. Claimant can only occasionally climb stairs and ramps, balance, stoop, kneel, or crouch. Claimant can never climb ladders or scaffolds or crawl. Claimant must avoid concentrated exposure to vibrations and all exposure to moving mechanical parts and unprotected heights. Claimant must be allowed to alternate sitting or standing at will provided that they are not off work ten percent of the work period. Claimant is limited to the performance of work in a routine work setting that has only occasional changes in work routine.

(DE 7-1 at 18). The ALJ then determined that Plaintiff was unable to perform any past relevant work as a Landscape Laborer, Stock Clerk, or Warehouse Worker, but could perform the requirements of an Order Clerk, Final Assembler, or Table Worker. (DE 7-1 at 26).

In reaching this conclusion, the ALJ noted the opinions of Shirley Warner, D.N.P. (DE 7-1 at 24-25). The ALJ noted that Ms. Warner opined in September 2017 and March 2018 that Plaintiff's symptoms caused constant disruption in his ability to remain on task; he experienced numerous side effects from medication; he would need to take breaks from work more than three times a day; and unscheduled breaks would occur because he would be "incapacitated" and unable to work. (DE 7-1 at 24-25, 345, 375). Ms. Warner also opined that Plaintiff could not walk a city block without experiencing pain or carry any weight; he could never stand or walk at work and would only be able to sit for four hours

at a time; he could only use his upper extremities for less than five percent of an eight-hour workday; and he would be absent from work more than four days per month. (DE 7-1 at 24-25, 345, 375). The ALJ concluded that the record did not support the limitations identified by Ms. Warner because Ms. Warner's opinion was "not consistent with the clinical observations, diagnostic imaging, [Plaintiff's] activities throughout the record, or the opinions of other treatment providers." (DE 7-1 at 24-25).

Additionally, the ALJ noted the opinions of state agency psychological consultants John Bevis, M.A., L.P.A. and Michael Fiore, Ph.D. (DE 7-1 at 24). The ALJ noted that Mr. Bevis and Dr. Fiore opined that Plaintiff suffered a moderate impairment in his ability to concentrate. (DE 7-1 at 24). However, the ALJ found that Plaintiff's concentration was only mildly limited and that Mr. Bevis' and Dr. Fiore's moderate rating was inconsistent with other clinical observations in the record as well as Plaintiff's ability to sustain concentration to read, use the Internet, and play video games. (DE 7-1 at 24).

Lastly, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms were inconsistent with clinical observations, diagnostic testing, the Plaintiff's activities, and the Plaintiff's treatment history. (DE 7-1 at 22). In support of this conclusion, the ALJ noted that Plaintiff's treating orthopedic surgeon, Ralph Maxy, M.D., found there was no objective pathology to support Plaintiff's subjective complaints related to his lower back impairments. (DE 7-1 at 15).

After exhausting his administrative remedies, Plaintiff filed the instant action appealing the ALJ's decision on September 10, 2020. (DE 1). In his Motion for Summary Judgment, Plaintiff assigned error to the ALJ's formulation of his RFC. (DE 9 at 6). Specifically, Plaintiff assigned error to the ALJ's evaluation of the opinions from Ms.

3

Warner and from Mr. Bevis and Dr. Fiore. (DE 9 at 6). Plaintiff also assigned error to the ALJ's evaluation of his subjective complaints and symptoms. (DE 9 at 6).

The M&R found that the ALJ's conclusion that Ms. Warner's opinions were unsupportable and inconsistent with the rest of the medical records was supported by substantial evidence. (DE 12 at 6). Similarly, the M&R found that substantial evidence supported the ALJ's evaluation of the opinions of Mr. Bevis and Dr. Fiore. (DE 12 at 6). Lastly, the M&R found that substantial evidence supports the ALJ's evaluation of Plaintiff's complaints and symptoms. (DE 12 at 6). Accordingly, the M&R recommended that Plaintiff's Motion for Summary Judgment be denied; Defendant's Motion for Summary Judgment be granted; and the Commissioner's determination be affirmed. (DE 12 at 8).

Plaintiff raises three objections to the M&R (DE 13 at 1), arguing the M&R failed to address Plaintiff's arguments regarding: (1) the ALJ's failure to properly consider Ms. Warner's opinion (DE 13 at 1); (2) the ALJ's handling of Plaintiff's allegations (DE 13 at 3); and (3) the treatment of the opinions of Mr. Bevis and Dr. Fiore and the use of *post hoc* rationalization to claim the ALJ's decision was supported by substantial evidence. (DE 13 at 5).

## II.  STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). However, "when

4

objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.*

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

5

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; and *Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

#### A. The ALJ's Alleged Failure to Properly Consider Ms. Warner's Opinion

Plaintiff objects to the M&R's finding that the ALJ's decision to discount Ms. Warner's opinion was supported by substantial evidence. (DE 13 at 1). As discussed in Section I, the ALJ found that Ms. Warner's opinion was "not consistent with clinical observations, diagnostic imaging, [Plaintiff's] activities throughout the record, or the opinions of other treatment providers." (DE 12 at 6; DE 7-1 at 16-17).

In support of this objection, Plaintiff makes four distinct arguments (DE 13 at 1-3): (1) the M&R merely rubber-stamped the ALJ's conclusion (DE 13 at 1); (2) the M&R failed to address Plaintiff's arguments regarding the consistency of the evidence and Plaintiff's activities (DE 13 at 2); (3) the ALJ should have incorporated Dr. Maxy's opinion that Plaintiff could return to "light exertional work" into Plaintiff's RFC (DE 13 at 2); and (4) the M&R improperly filled in the gaps in the ALJ's decision and the ALJ's failure to discuss the supportability of Ms. Warner's opinion is a clear violation of the new rules for evaluating opinion evidence. 20 C.F.R. § 404.1520c(b)(2); (DE 13 at 3).

In response to the "rubber-stamp" claim, Defendant cites the plain language of the M&R acknowledging that the ALJ supplied multiple reasons in support of his finding that Ms. Warner's opinion was unpersuasive and inconsistent with examination findings, imaging, Plaintiff's

6

activities, and other opinion evidence. (DE 14 at 2; DE 12 at 6). Moreover, Defendant notes that the M&R highlights the ALJ's discussion of multiple treatment reports and emphasized that Dr. Maxy found "no objective pathology to confirm or deny [Plaintiff's] complaints." (DE 14 at 2; DE 12 at 6). Following this conclusion, the M&R notes that Dr. Maxy returned Plaintiff to work on light duty with some postural limitations, citing the lack of clinical findings made it difficult to identify any work-related limitations. (DE 12 at 6; DE 7-1 at 330).

Defendant argues Plaintiff's second claim that the M&R failed to address Plaintiff's arguments regarding the consistency of the evidence and Plaintiff's activities lacks merit because the ALJ's decision clearly demonstrates he considered the record as a whole. (DE 14 at 2-3). In support of this assertion, Defendant highlights that the ALJ cited both the evidence that supported his conclusions as well as the evidence that arguably conflicted with his findings. (DE 14 at 2-3; DE 7-1 at 14-21).

Regarding Plaintiff's third claim that the ALJ improperly relied on the opinion of Dr. Maxy, Defendant notes that the ALJ's decision states that it found Dr. Maxy's report "persuasive"—not somehow controlling or dispositive on every single issue. (DE 14 at 3). Defendant notes that even if the ALJ did improperly rely on Dr. Maxy's opinion, such reliance would have caused a more restrictive RFC finding and worked to Plaintiff's benefit. (DE 14 at 3). Furthermore, Defendant notes that such an error would be harmless. (DE 14 at 3); *see Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (requiring the party attacking an administrative decision to prove that an error harmed her case); *Garner v. Astrue*, 436 F. App'x 224, 225, n\* (4th Cir. 2011) (stating that the Shinseki harmless error analysis applies to Social Security cases); *Bishop v. Comm'r of Soc. Sec'y*, 583 F. App'x 65, 67 (4th Cir. 2014) ("[A]ny error is reviewed under the

7

harmless error doctrine."); *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming despite error because ALJ "would have reached the same result notwithstanding his initial error").

In response to Plaintiff's fourth claim that the M&R improperly filled in gaps, Defendant argues that the ALJ identified multiple reasons why Ms. Warner's opinion was unpersuasive and cited substantial evidence in support of this finding. (DE 14 at 3). Additionally, Defendant notes that the M&R explicitly discusses the ALJ's reasoning for reaching this conclusion—citing the opinions of Dr. Maxy, Mr. Bevis, and Dr. Fiore. (DE 14 at 4).

For claims filed after March 27, 2017, the regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Thus, the treating physician rule is no longer applicable for claims filed after March 27, 2017. *Gleason v. Kijakazi*, No. 1:20-CV-00350-GCM, 2021 WL 5182102, at *2 (W.D.N.C. Nov. 8, 2021). Instead, when determining the persuasiveness of medical opinions and prior administrative medical findings the ALJ considers five factors: (1) supportability; (2) consistency; (3) relationship the medical source has with the claimant, including the (i) length, (ii) frequency, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors. *Id.* § 404.1520(a), (c). The most important of these factors are supportability and consistency:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

8

*Id.* §§ 404.1520(b)(2), (c)(1)-(2). The ALJ's decision should explain how he considered both of these factors. *Id.* § 404.1520(b)(2).

Plaintiff's first argument that the M&R merely rubber-stamped the ALJ's decision is unavailing. As discussed above, the M&R acknowledged the substantial evidence the ALJ cited in support of the ALJ's finding that Ms. Warner's opinions were unsupportable and inconsistent with other medical records. (DE 12 at 6). For example, the ALJ specifically mentioned that Ms. Warner's opinion was "not consistent with the clinical observations, diagnostic imaging, [Plaintiff's] activities throughout the record, or the opinions of other treatment providers." (DE 7-1 at 20-21). Plaintiff's second argument that the ALJ cherry-picked evidence from the record is equally unavailing because Plaintiff provides no direct evidence that the ALJ failed to consider all relevant medical evidence. Instead, as Defendant notes, the ALJ's decision cites evidence both supporting his conclusions as well as evidence that conflicted with his findings. (DE 7-1 at 14-21). Plaintiff's third argument that the ALJ improperly relied on Dr. Maxy's opinion also fails. The ALJ explicitly stated that he found Dr. Maxy's report "persuasive"—this does not mean that the ALJ found Dr. Maxy's report controlling or dispositive on every single issue. (DE 14 at 3). Lastly, Plaintiff's fourth claim that the M&R improperly filled in gaps in the ALJ's analysis is baseless. The ALJ discussed multiple treatment reports and the M&R directly cited these reports in reaching its conclusion that substantial evidence supported the ALJ's finding that Ms. Warner's opinions were unsupportable and inconsistent with the rest of the medical records. (DE 12 at 6).

**B. The M&R's Alleged Failure to Discuss Plaintiff's Arguments Regarding the ALJ's Handling of Plaintiff's Subjective Claims**

The M&R found that the ALJ's determination that Plaintiff's "subjective complaints were not consistent with the objective evidence in the record" was supported by substantial evidence. (DE 13 at 3). Plaintiff objects to the M&R's finding. (DE 13 at 3). In support of this objection,

9

Plaintiff argues that after finding a claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms, "objective evidence is not required to find claimant disabled." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing, SSR 16-3p, 2016 WL 1119029, at *4–5); (DE 13 at 3-4). Plaintiff highlights that the claimant in *Arakas* was "entitled to rely exclusively on subjective evidence to prove" her symptoms were "so continuous and/or severe that [they] prevent[ed] [her] from working a full eight hour day." *Arakas,* 983 F.3d at 96. Additionally, Plaintiff argues that the M&R ignores Plaintiff's argument that the ALJ failed to consider the factors found in 20 C.F.R. § 404.1529(c)(3)—specifically the dose, side effects, and the effectiveness of Plaintiff's medication and over the counter pain relievers, as well as the treatments that Plaintiff received to attempt to relieve his pain. (DE 13 at 4).

Defendant argues that *Arakas* is not relevant to Plaintiff's claim because the claimant in *Arakas* suffered from fibromyalgia, an impairment accompanied by few or no objective symptoms. *Arakas,* 983 F.3d at 95. Defendant notes that the Fourth Circuit held in *Arakas* that "ALJs may not rely on objective medical evidence (or lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Id.* at 98. Here, Defendant argues that Plaintiff's impairment do not include fibromyalgia and Plaintiff's subjective symptoms relate to his lower back impairments, which can be—and were—measured by objective criteria. (DE 14 at 4). Additionally, Defendant highlights that the ALJ cited the findings of Dr. Maxy that there was "no objective pathology to confirm or deny [Plaintiff's] complaints" and there was no "evidence of objective pathology to explain the symptoms." (DE 14 at 4; DE 7-1 at 19-20).

Plaintiff's objection improperly relies on *Arakas*, which is incongruent with the present case. Unlike the claimant in *Arakas,* Plaintiff does not claim that he suffered from fibromyalgia or some other disease that does not produce objective symptoms. The ALJ also did not discount Plaintiff's complaints about pain solely because of a lack of objective evidence. (DE 7-1 at 22). Furthermore, Plaintiff's argument that the ALJ's Decision failed to consider the factors found in 20 C.F.R. § 404.1529(c)(3) is incorrect. In multiple instances in the ALJ's Decision, the ALJ discusses the medications and treatments Plaintiff received to attempt to relieve his pain. (DE 7-1 at 15-17).

### C. The M&R's Alleged Failure to Discuss Plaintiff's Argument Regarding the Opinions of Mr. Bevis and Dr. Fiore

Plaintiff claims the M&R did not address his argument that the ALJ failed to incorporate the seemingly accepted portions of Mr. Bevis' and Dr. Fiore's opinion in its decision. (DE 13 at 5). Specifically, Plaintiff argues that the ALJ provides no explanation regarding why the following findings from Mr. Bevis and Dr. Fiore were not included in the RFC: Plaintiff's moderate difficulties understanding, retaining, and following simple instructions; Plaintiff's moderately to severely impaired ability to relate to others including co-workers and supervisors on a day-to-day basis; and a significant impairment at least to a moderate degree in the ability to tolerate stressors and pressures associated with day-to-day work routine. (DE 13 at 5). Additionally, Plaintiff argues that the M&R engaged in *post hoc* rationalization by incorrectly asserting that the ALJ noted that Mr. Bevis and Dr. Fiore made no examination findings related to concentration, when, in fact, the ALJ never made such an assertion. (DE 13 at 5).

Defendant argues that the ALJ found Mr. Bevis' and Dr. Fiore's findings only partially persuasive because their opinions were not supported by other evidence in the record. (DE 14 at 5). Defendant highlights that the ALJ cited evidence that Mr. Bevis' and Dr. Fiore's findings were

inconsistent with other evidence in the record demonstrating that Plaintiff's mental condition was consistently normal or only slight abnormal. (DE 14 at 5; DE 7-1 at 24). Consequently, Defendant argues that substantial evidence supports the ALJ's finding that Mr. Bevis' and Dr. Fiore's opinion was not persuasive due to its inconsistency with the other evidence. (DE 14 at 5).

As discussed above in Section III.A, for claims filed after March 27, 2017, the most important factors considered by the ALJ in determining the persuasiveness of medical opinions and prior administrative medical findings are supportability and consistency. 20 C.F.R. § 404.1520(b)(2). Here, the ALJ properly analyzed and discussed the supportability and consistency of Mr. Bevis' and Dr. Fiore's opinion. (DE 7-1 at 24). The ALJ's decision plainly states that Mr. Bevis' and Dr. Fiore's opinion is only partially persuasive because "the opinion does not use sufficiently precise language with respect to assigning function by function limitations to the claimant and limitations in intellect and concentration are not supported by clinical observations of intact cognition or the claimant's activities of reading fiction and history and spending a lot of time on the internet and playing video games." (DE 7-1 at 24). For example, unlike reading and playing video games, the ALJ noted Mr. Bevis' and Dr. Fiore's opinion that Plaintiff "may experience difficulties at times sustaining attention and concentration adequately to perform simple repetitive tasks." (DE 7-1 at 20). The ALJ thus showed his work by explaining his conclusions. This is sufficient to show substantial evidence and enables judicial review as the ALJ "buil[t] an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Consequently, the Court agrees with Defendant.

IV.     **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

    1.    The Magistrate Judge's M&R, (DE 12), is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, (DE 8), is **DENIED**;

3. Defendant's Motion for Summary Judgment, (DE 10), is **GRANTED**; and

4. Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED**.

Signed: March 28, 2022

Robert J. Conrad, Jr.
United States District Judge